UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| VALLEY of the MOON COMMERCIAL POULTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIBER FUELS, LLC, <br><br> Defendant. | **Civil Action Nos. 3:15-cv-00215-FDW-DCK** |
| D C CUSTOM FREIGHT LLC, d/b/a FIBER FUELS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VALLEY of the MOON COMMERCIAL POULTS, INC., d/b/a VALLEY OF THE MOON, <br><br> Defendant. | **Civil Action Nos. 3:15-cv-00235-FDW-DCK** |

## CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

1. Plaintiff Valley of the Moon Commercial Poults, Inc., d/b/a Valley of the Moon ("Plaintiff") and Defendant D C Custom Freight LLC, d/b/a Fiber Fuels, LLC ("Defendant"), by and through their undersigned counsel, hereby stipulate and agree that certain documents requested in the course of litigation in this matter before the United States District Court for the Western District of North Carolina, Charlotte Division, bearing the captions Civil Action Nos. 3:15 –cv-

00215-FDW-DCK and 3:15-cv-00235-FDW-DCK (the "Litigation") are documents Plaintiff and Defendant contend constitute and contain confidential and proprietary information protected from disclosure. Therefore, it is hereby agreed as follows concerning confidentiality for purposes of this lawsuit only:

2. The parties to the Litigation or their counsel may designate documents and information that they reasonably believe to be "Confidential" by stamping the document or information with that designation in a manner that does not obscure in any way the content of the document or information. Alternatively, the parties may designate documents "Confidential" by disclosing that designation in writing by identifying the Bates number or control number of the document so designated. To that end, the parties agree to limit such designations to those materials which they in good faith believe to be "Confidential." Identifying documents or information as "Confidential" by a party will not be deemed an admission by any other party that the information or documents is, in fact, confidential. If the recipient of a document marked "Confidential" seeks to challenge the designation of said document as "Confidential," the recipient must first meet and confer with the designating party to resolve the dispute and if that meeting does not result in resolution of the dispute, the recipient can file a motion seeking a determination that said document is not "Confidential." The document shall be treated as "Confidential" until such a time as the Court determines that it is not confidential. The party contending that the document is confidential shall bear the burden to prove that such document is, in fact, confidential.

3. No portion of the documents produced by Plaintiff or Defendant pursuant to Paragraph Nos. 1-2 herein, nor any copy thereof (hereinafter the "Confidential Documents"), or any information contained therein (hereinafter the "Confidential Information") shall be disclosed

or in any manner made available to any person or company not a party to this litigation except as follows:

    a. By stipulation of the parties, or if the parties are unable to so stipulate after having made a good faith effort, by order of the Court and only after giving written notice to counsel for the party that produced the document;

    b. To any agents, including but not limited to expert witnesses, retained or employed by a party, but only to the extent necessary for the proper representation of the party;

4. The parties agree to advise any person permitted access to the Confidential Documents as described in Paragraph Nos. 1-2 herein of the confidential nature of said documents.

5. All exhibits, responses to discovery requests, pleadings, or memoranda, which constitute or contain Confidential Information, shall only be forwarded to: (1) the Court before which this Litigation is pending, (2) the parties to the Litigation, or (3) to any agent retained by or employed by the parties, but only to the extent necessary for the proper representation of the parties.

6. The parties shall return all Confidential Documents, as well as any copies made therefrom pursuant to Paragraph Nos. 1-2 and all documents containing any Confidential Information with respect thereto, including such documents or copies of documents given to any person(s) pursuant to Paragraph Nos. 3 or 5, upon the conclusion of the Litigation; or, should a dispositive motion be appealed by any party to this Litigation, upon the completion of all appeals herein, or upon the action being settled. In returning said documents, Plaintiff's documents shall be delivered to Katherine M. Kliebert, Esq., Bradley Arant Boult Cummings, LLP, Bank of America Corporate Center, 100 N. Tryon St., Ste. 2690, Charlotte, NC 28202; Defendant's

documents shall be delivered John W. Taylor, Esq., 4600 Park Road, Suite 420, Charlotte, NC 28209.  Notwithstanding anything in this paragraph to the contrary, to the extent that the attorney for any party to this Litigation is required by law or for insurance purposes to retain copies of the Confidential Documents, the attorney may retain such documents under the condition that the terms of this agreement shall remain in force so long as any Confidential Documents or Confidential Information is retained.

So agreed this 21st day of December, 2015

/s/ John W. Taylor
John W. Taylor, Esq.
Attorney for Defendant

/s/ Katherine M. Kliebert
Katherine M. Kliebert, Esq.
Attorney for Plaintiff

**SO ORDERED**

Signed: December 22, 2015

David C. Keesler
United States Magistrate Judge